The plaintiff claims relief, in the first place, for that the money and bond in the hands of the defendant are in conscience his, because, according to the legal operation of the bequest in William Ogburn's will, the absolute interest in the slave Fan and her increase vested wholly in the plaintiff, and the ultimate disposition attempted thereof in the will was void. This position is unfounded. The division, in case Nancy Watson shall not have heirs of her body, is directed to take place at her death, and therefore the limitation (357) over is not too remote. In the next place, he insists that being entitled under the will to the use of these negroes during the life of his wife, he is, therefore, in conscience, entitled to the use of the money, the price thereof. We do not feel the force of this argument. According to the plaintiff's own showing, the use of the negroes during the life of his wife was a charge upon him, and not a benefit — and a charge for the benefit of all interested in the ulterior disposition. The plaintiff had no right to change the character of the property without the assent of those whom the defendant represented; and there was clearly nothing inequitable in their refusing that assent unless a half of the purchase money was forthwith paid or secured to them. And as it appears that when the sale was made this was actually done, and there is no evidence to show any agreement in relation to the sale, other than such as may be inferred from the division of the purchase money, we must presume that the parties interested deliberately agreed upon this mode of adjusting their respective rights.
The authority of the defendant to act for the children of William Ogburn is not distinctly admitted in the bill; but if the plaintiff had meant to deny his authority and to set aside the transaction because of the want of authority, the bill ought to have contained a distinct averment of the fact. Instead of this, the bill seems predicated upon the assumption that the defendant was not merely an agent, but the trustee of those for whom he acted. This assumption is unfounded, and we should hold it necessary before the plaintiff could have a decree that the defendant's principals should be made parties to the cause. But as we are satisfied that whether they be or be not made parties, the plaintiff has no equity whereon to demand our aid, we direct his bill to be
PER CURIAM. Dismissed with costs.
Approved: Kent v. Bottoms, 56 N.C. 72. *Page 293 
(358)